IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 8:07-553-HMH |
| vs. | ) | |
| | ) | |
| Dontarious Rodrqious Sullivan, | ) | **OPINION AND ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Dontarious Rodrqious Sullivan's ("Sullivan") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Sullivan's § 2255 motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 16, 2007, Sullivan pled guilty to armed bank robbery and use of a firearm during a crime of violence. Lora Collins ("Collins") represented Sullivan at plea and sentencing. On September 21, 2007, Sullivan was sentenced to 121 months' imprisonment. Sullivan did not appeal his conviction and sentence. Sullivan filed the instant § 2255 motion on March 13, 2007.

In his § 2255 motion, Sullivan moves to set aside his conviction because (1) Collins coerced him into pleading guilty , (2) he was arrested unlawfully pursuant to an unconstitutional search, and (3) the Presentence Investigation Report ("PSR") contained errors. (§ 2255 Mot. 5.) The court will address each of Sullivan's alleged grounds for relief below.

## II. DISCUSSION OF THE LAW

### 1. Coercion Claim

Sullivan claims that Collins coerced him into pleading guilty by promising that count two of his indictment would be dismissed and by stating that the sentence for count two would not

1

exceed five years.  (§ 2255 Mot. 5.)  This claim "is properly construed as a claim that h[is] guilty plea was not knowing, voluntary, and intelligent.  As such, it is procedurally defaulted as a result of petitioner's failure to raise it on direct review."  Gao v. United States, 375 F. Supp. 2d 456, 465 (E.D. Va. 2005) (citing Bousley v. United States, 523 U.S. 614, 621 (1998) ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.")).

In addition, under oath during his guilty plea hearing Sullivan stated that no one forced, threatened, or coerced him to plead guilty and that no one, including Collins, had promised him what his actual sentence would be.  (Guilty Plea Tr. 21-22.)  Moreover, the court informed Sullivan that he was charged with counts one and two of the indictment and read the charges against him.  (Id. 13-15.)  In addition, the court stated the elements of each offense and the statutory sentencing provisions for each, including informing Sullivan that count two carried a mandatory minimum of five years, which would be increased to seven years if the firearm was brandished during the offense.  (Id. 13-16.)  Sullivan stated that he understood what he was charged with, the elements of each charge, and what the statutory sentencing provisions could be and understanding that, he still wished to plead guilty.  (Id. 16.)  Further, Sullivan has failed to show cause for or prejudice from failing to raise this claim on direct appeal.  Gao, 375 F. Supp. 2d at 465.  As such, this claim is without merit and warrants no further consideration.

### 2. Unlawful Search and Seizure Claim

As his second ground for relief, Sullivan claims that he was subjected to an "unconstitutional search [and] seizure."  (§ 2255 Mot. 5.)  Sullivan alleges, "At the time of arrest there wasn't anyone at the resident. [sic]  Before I arrived at this resident, the Sherrif [sic]

2

Department and U.S. Marshals were inside this resident without proper or probable cause.  They had no means to arrest me for count 1 and 2."  (Pet. at 5.)  Sullivan waived this argument when he pled guilty.  "[A] knowing and voluntary guilty plea waives antecedent nonjurisdictional errors, including claims of unlawful search and seizure.  United States v. Devaughn, No. 03-4312, 2003 WL 22057945, at *1 (4th Cir. Sept. 3, 2003) (unpublished) (citing Tollett v. Henderson, 411 U.S. 258, 267 (1973)).  Hence, this ground is without merit.

### 3.  PSR Claim

Sullivan alleges that "there are a number of unjust statements said about me in my [PSR]."  (§ 2255 Mot. 5.)  In support of this claim, Sullivan asserts that the PSR identifies the address of First Citizen's Bank where the offense occurred at two places as "132 East Shockley Ferry Road in Anderson, S.C." and at another place as "123 East Shockley Ferry Road in Anderson, S.C."  (Id. Attachment 1.)  Sullivan's allegation is correct; however, it is clear that the transposition of the 2 and the 3 in the bank's address in paragraph nine of the PSR was a typographical error that in no way prejudiced Sullivan.  (PSR 3-4.)  Therefore, this claim is without merit.

It is therefore

**ORDERED** that Sullivan's § 2255 motion is summarily dismissed.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
March 14, 2008

3

**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.