IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 8:07-553-HMH |
| vs. | ) | |
| | ) | |
| Dontarious Rodrqious Sullivan, | ) | **OPINION & ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Dontarious Rodrqious Sullivan's ("Sullivan") motion for clarification and modification of judgment. After a thorough review of the facts and pertinent law, the court denies Sullivan's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On June 16, 2007, Sullivan pled guilty to armed bank robbery and use of a firearm during a crime of violence. Lora Collins ("Collins") represented Sullivan at plea and sentencing. For all the pretrial proceedings in this case, the United States District Court for the District of South Carolina borrowed Sullivan from South Carolina on a writ of habeas corpus ad prosequendum that was issued on April 20, 2007. (Writ, ECF No. 8.) On September 21, 2007, Sullivan was sentenced to 121 months' imprisonment. Sullivan subsequently pled guilty and was sentenced on August 12, 2008, to five years' imprisonment on his state charge of possessing a weapon during a violent crime. (Sullivan Mot. Attach. 4, ECF No. 82-4 (SC Sentencing Sheets).) At his state sentencing, the court indicated that his state sentence should run concurrent with his federal sentence. Further, an amended sentence sheet was issued on August 15, 2008, stating that he was to be immediately released to "federal authorities to serve federal sentence." (Id. Attach. 4, ECF No. 82-4 (SC Sentencing Sheets).) Further, Sullivan was awarded credit of 471 days towards his

state sentence. According to the Bureau of Prisons ("BOP"), Sullivan was released to the United States Marshal from his state sentence on August 19, 2008. (Id. Attach. 1, ECF No. 82-1 (BOP Computation Data).) Thus, Sullivan came into federal custody on August 19, 2008. Sullivan alleges in the instant motion that he is entitled to credit toward his federal sentence from the date of his arrest on April 18, 2007, through August 18, 2008, because "the United States Marshals did assist in making the initial arrest and did place a Federal Hold upon the Defendant at that time." (Id. Mot. 4, ECF No. 82.)

When a court imposes a federal criminal sentence, the BOP is responsible for computing the inmate's term of imprisonment. United States v. Wilson, 503 U.S. 329, 334 (1992) (recognizing that the United States Attorney General has delegated this authority to the BOP). Calculation of a federal sentence is governed by 18 U.S.C. § 3585 and requires that the BOP (1) ascertain the date on which the federal sentence commences and (2) determine the extent to which the inmate may receive credit for time spent in custody prior to the commencement of the sentence. Pursuant to 18 U.S.C. § 3585(a) and the BOP's policy in computing sentences, a federal sentence cannot commence prior to the date of its imposition and until the defendant is in federal custody. United States v. Evans, 159 F.3d 908, 911 (4th Cir. 1998); United States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998). "[A] writ of habeas corpus ad prosequendum, issued to bring a prisoner to his own trial, works [as] a mere loan of the prisoner to federal authorities and does not effectuate a change in custodian for purposes of the federal statute . . . ." United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008) (internal quotation marks omitted). Thus, when a federal court sentences a defendant who is in state custody and is borrowed by federal authorities to dispose of federal charges pursuant to a writ of habeas corpus ad

prosequendum, the inmate's federal sentence generally does not commence until the inmate fully discharges the state sentence and is transferred to federal custody. Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992). The controlling law regarding the application of prior custody credits is set forth in 18 U.S.C. § 3585(b), which provides as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that *has not been credited against another sentence*. (emphasis added).

More specifically, "[a] defendant may not receive credit against his federal sentence for time spent in state custody prior to the date the federal sentence commences if that time has been credited against another sentence." Beard v. Bureau of Prisons, No. 97-7514, 1998 WL 25047, at *1 (4th Cir. Jan. 22, 1998) (unpublished). Sullivan received credit toward his state sentence for the time spent in state custody prior to the date his federal sentence commenced on August 19, 2008. Further, Sullivan was not in federal custody during pretrial proceedings in this case. Therefore, Sullivan cannot receive credit toward his federal sentence for this time.

3

It is therefore

**ORDERED** that Sullivan's motion for clarification and modification of judgment, docket number 82, is denied.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
April 17, 2013

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.